UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDRE THOMAS (#9000005381)                                CIVIL ACTION NO.

VERSUS                                                    22-520-JWD-SDJ

SID J. GAUTREAUX, III, ET AL.

## ORDER

Before the Court is the amended Complaint of Andre Thomas, an inmate confined at the East Baton Rouge Parish Prison in Baton Rouge, Louisiana, who is representing himself.[1] In this action, Thomas complains of both deliberate indifference to a serious medical need arising from alleged policies of Sid J. Gautreaux, III, and of Officer Roderick Brown's failure to buckle his wheelchair into a transport van.[2] These claims are not properly joined, so the claim regarding failure to buckle will be severed from this action, and a new action will be opened.

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows a party to "join as many claims as it has against an opposing party." However, the official commentary of Rule 18 emphasizes that amended Rule 18(a) "deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claim if fairness or convenience justifies separate treatment."[3] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any question of law or fact common to all defendants will arise in the action." On the other hand, if

---

[1] R. Doc. 19.
[2] R. Doc. 19, p. 4. To the extent Thomas makes fleeting mentions of other claims, such as denial of access to the courts, excessive bail, and "living conditions," the Court does not interpret the complaint as bringing these claims, as Thomas has provided no details, so if he would like to complain regarding these other claims, he must do so in new actions.
[3] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

the claims arise out of the different events and do not involve all defendants, joinder should not be allowed under Rules 18(a) and 20.[4] In sum, joinder should not be allowed unless all claims arose out of the same transaction and present common questions; if the claims arise from different events and do not involve all defendants, joinder should not be allowed.[5]

Further, severing unrelated claims brought by a prisoner is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would frustrate the purposes of the Prison Litigation Reform Act.[6] Indeed, the Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision.[7]

The claim regarding Brown's failure to buckle Thomas in a transport van is not sufficiently related to his claim for deliberate indifference to a serious medical need arising from the alleged policies of the sheriff. Because the claim regarding failure to buckle requires a wholly separate legal analysis than the claim for deliberate indifference to a serious medical need, it will be severed from this action. Accordingly,

**IT IS ORDERED** that this case, No. 22-520, is **SEVERED** into two separate causes of action bearing the titles as shown below. The case number for each new case will be sent to Thomas at his address of record as soon as a case number is assigned to his cause. The two severed cases are titled as follows:

---

[4] *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[5] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[6] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[7] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").

Civil Action No. 22-520, *Thomas v. Gautreaux* (this original cause number remains unchanged and hereafter only applies to the claims of deliberate indifference to a serious medical need against Sid J. Gautreaux, III, and Dennis Grimes).

Civil Action No. 24-___, *Thomas v. Brown*, which contains the claims surrounding the failure to buckle Thomas in a transport van against Roderick Brown.[8]

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint,[9] Amended Complaints,[10] and a copy of this Order into each of the newly opened cases noted above.

**IT IS FURTHER ORDERED** that Thomas must either pay the $405.00 filing fee or file an application to proceed *in forma pauperis* in **each** of the newly opened cases.

Signed in Baton Rouge, Louisiana, on January 6, 2025.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] To the extent other Defendants should be named in this action, Thomas may amend the complaint in the newly opened action to reflect the other Defendants.
[9] R. Doc. 1.
[10] R. Docs. 11, 14, & 19.